UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY WU,<br>　　　　Plaintiff,<br>　　v.<br>TIFFANY AND COMPANY,<br>　　　　Defendant. | Case No. 15-cv-05287 NC<br><br>**PRETRIAL PREPARATION ORDER** |

A jury trial is scheduled in this case on September 6, 2016, in Courtroom 7, 4th Floor, U.S. District Court, 280 S. First Street, San Jose, California. This order prepares for the trial. A pretrial conference is scheduled for August 24, 2016, at 2:00 p.m. in Courtroom 7, 4th Floor, U.S. District Court, 280 S. First Street, San Jose, California. The trial preparation standing order is available on the Court's website. Where the dates outlined below are inconsistent with the standing order, the dates in this order should be followed.

**I.    MOTIONS IN LIMINE**

The parties must file their motions in limine by August 3, 2016, with responses due by August 10, 2016. No party may file a reply without leave of Court. The total number of pages each party submits for all motions and all responses must not exceed 15 pages. While it is up to each party to decide how much space to allocate for their motions and how much for their responses, the parties must each stay within the 15-page limit (e.g., a

Case No. 15-cv-05287 NC

party can allocate 9 pages for their motions, and 6 pages for their responses).  The Court will hold a hearing on the motions in limine at the pretrial conference.

## II.   JOINT TRIAL READINESS BINDER

The parties are ordered to provide the Court with two copies of a Joint Trial Readiness Binder.  The documents and binder are due by August 10, 2016, at 12:00 p.m.  The parties must also file a copy of the Joint Trial Readiness Binder in ECF.  The Joint Trial Readiness Binders must contain an index and copies of filed documents with the ECF header reflecting the item's docket number and filing date, including:

### A. Proposed Order Re: Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding the conduct of the trial.  A proposed order outlining all such stipulations must be presented to the Court.

### B. Witness Lists

The parties must submit an updated list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate of the direct and cross examinations.  This information must be presented in chart format and organized by party.  Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below).

### C. Expert Witness Lists

The parties must submit an updated list of all expert witnesses with a summary which must clearly describe the expert's theories and conclusions; a curriculum vitae; and expert reports.  Witnesses not included on the list may be excluded from testifying.

### D. Updated Exhibit Lists Annotated with Stipulations/Objections

The parties must submit an updated list of all documents and other items to be offered as exhibits at the trial (other than solely for impeachment or rebuttal), with a brief description of each exhibit's contents, and the identify of each sponsoring witness.  As

Case No. 15-cv-05287 NC                 2

applicable, the exhibit list must specify whether the parties stipulate to admit the exhibit or the grounds for any objections to the exhibit. The exhibit list must also include an additional column so that the Court can track the date on which each exhibit is admitted. Prior to submitting the list, the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit. This information must be presented in chart format and organized numerically.

### E.  Updated List of Discovery Excerpts

The parties must list those excerpts from depositions, from interrogatory answers, or from responses to requests for admission (other than those solely for impeachment or rebuttal) likely to be used as trial. Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations. The parties must (i) identify any remaining legal objections to the excerpts on the list itself, and (ii) attach in a separate appendix copies of the disputed excerpts so that the Court can review the disputed materials. The parties must provide a single proposed order with each disputed designation which will allow the Court to rule on whether permission to use each is granted, granted with modification, or denied.

### F.  Voir Dire Questions

The parties must include any proposed jury questionnaire or questions for the court-directed voir dire, if applicable. If any questions are contested, each party must state the basis for proposing or opposing the question.

## III.  ELECTRONIC COPIES OF TRIAL DOCUMENTS

The parties must send an electronic copy in Word format to ncpo@cand.uscourts.gov of the following documents listed above: (i) Proposed Order Re: Trial Stipulations; and (ii) Proposed Order Re: Discovery Excerpts.

## IV.  STIPULATIONS RE: ADMISSIBILITY

The parties must make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection.

Case No. 15-cv-05287 NC                             3

## V. EXHIBITS

Exhibits must be provided to the Court by August 10, 2016, at 12:00 p.m. as follows: two sets of exhibits marked, tabbed, indexed, and to be provided in binders. Exhibit sets may be delivered/mailed directly to Chambers in San Jose. The parties must otherwise coordinate with the Courtroom Deputy for other delivery.

Each exhibit must be pre-marked with an exhibit tag placed in the top right corner of the first page of a document. Parties are to use a color other than white for the exhibit tags. A page of blank trial exhibit tags can be found on the Court's website. If an exhibit is a physical object (rather than a document), a picture should be taken and placed in the binder.

Upon the conclusion of the trial, each party must retain its exhibit through the appellate process. It is each party's responsibility to make arrangement with the Clerk of Court to file the record on appeal.

## VI. SCHEDULING OF JURY SELECTION

The parties must notify the Court whether they wish to proceed with a jury or bench trial by August 10, 2016. If the parties decide to proceed with a jury trial, the jury will be selected September 6, 2016. Opening statements will be on September 6, 2016, after jury selection. The first witness will be called on September 7, 2016.

## VII. JURY INSTRUCTIONS AND VERDICT FORM

The parties must submit jointly to the Court via email in Word format to ncpo@cand.uscourts.gov a set of jury instructions by August 10, 2016. If any instructions are contested, each party must state the legal basis for proposing or opposing the instructions. The parties must also submit a joint proposed verdict form by August 10, 2016.

## VIII. SUMMARY OF CASE STATEMENT

By August 10, 2016, the parties must jointly submit an agreed-upon summary of the case, not to exceed one page. This statement of the case will be read to the jury at jury selection. If the parties cannot agree on such a statement, each party must submit its own

summary, not to exceed one page.

## IX. TRIAL LIMITS

The Court anticipates giving each side a total of 12 hours to present its case. This includes all aspects of trial (e.g., objections, examinations) except jury selection.

## X. MISCELLANEOUS

### Witness Photographs

The Court may take a photograph of each witness prior to the witness' testimony to assist the trier of fact with recalling the testimony. Please advise your witnesses.

### Electronic Equipment

If a party wishes to use electronic equipment or other large items (such as bookshelves), the party must file a request and proposed order with the Court by August 10.

Equipment not provided by the Court must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Lili Harrell at (408) 535-5343, as to an appropriate time for doing so.

### Questions from Jury

If the parties select a jury trial, the Court will give an instruction to allow questions from the jury in accordance with Ninth Circuit Model Instruction 1.15 ("Questions to Witnesses by Jurors").

**IT IS SO ORDERED.**


**IT IS SO ORDERED.**


Dated: July 22, 2016              _____
                                   NATHANAEL M. COUSINS
                                   United States Magistrate Judge

Case No. 15-cv-05287 NC         5